IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

C. BRADFORD KELLY, an
individual; and ELIZABETH B.
KELLY, an individual,

      Plaintiffs,

vs.                                                                                                                                       No. MC 11-0047 JB

JOEL C. ROMINES, an individual;
and PATRICIA B. ROMINES, an
individual,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Motion to Quash Subpoena and for Protective Order, filed December 12, 2012 (Doc. 1)("Motion"). The Court held a hearing on January 24, 2012. The primary issues are: (i) whether the Court should quash the Subpoena to Testify, filed December 12, 2011 (Doc. 1-2)("Subpoena"), served on non-party witness Judith Elsea; and (ii) whether the Court should grant a protective order to prevent the Subpoena from unduly burdening Elsea. The Court will deny the Motion and order that Elsea comply with the Subpoena, subject, however, to the deadlines set in the United States District Court for the Central District of California. The Court's memorandum opinion and order does not alter the effect of those deadlines in the underlying action.

**FACTUAL BACKGROUND**

Plaintiff C. Bradford Kelly is a former principal of Knightsbridge Advisors, LLC, an investment firm that forms and manages investment companies and partnerships that invest in early-stage venture enterprises. See Motion ¶ 1, at 2. Defendant Joel C. Romines is the founder and

controlling owner of Knightsbridge Advisors.  See Motion ¶ 1, at 2.  Kelly left Knightsbridge Advisors in 2001.  See Motion ¶ 1, at 2.  Elsea became a principal in Knightsbridge Advisors in 2001, after Kelly left, and amicably departed the firm on August 26, 2006.  See Motion ¶ 2, at 2.  Elsea left the firm pursuant to a confidential Separation Agreement.  See Motion ¶¶ 2-3, at 2.  She currently resides in Santa Fe, New Mexico, but also maintains a residence in Palo Alto, California.  See Motion ¶ 2, at 2.

## PROCEDURAL BACKGROUND

Kelly filed a lawsuit against J. Romines and Defendant Patricia B. Romines in the Central District of California.  See First Amended Complaint for (1) Breach of Contract; (2) Breach of the Covenant of Good Faith; Breach of Fiduciary Duty; (4) Promissory Fraud; and (5) Declaratory Relief (dated March 21, 2011), filed December 12, 2011 (Doc. 1-2)("Complaint").  The case before the Central District of California is Kelly v. Romines, Case No. SACV11-00233 JST (RNBx).  The Complaint alleges "breach of various agreements concerning Kelly's alleged future and carried interests in Knightsbridge Advisor's investment vehicles."  Motion ¶ 1, at 1.  The Central District of California has entered a protective order.  See Kelly v. Romines, Case No. SACV11-00233 JST (RNBx), Order Re Stipulated Protective Order (dated August 22, 2011), filed December 22, 2011 (Doc. 6-9)("Stipulated Protective Order").  The Stipulated Protective Order provides that information or tangible things that a "party or non-party in good faith reasonably believes contains certain confidential or proprietary information" may be designated as "confidential" or "highly confidential - Outside Counsel Only."  Stipulated Protective Order at 1-7.

On September 29, 2011, the Kellys served Elsea with a subpoena at her residence in Santa Fe, New Mexico.  See Motion ¶ 4, at 2.  On December 6, 2011, the Kellys served the Subpoena on Elsea, which set a deposition for December 19, 2011 at 9:00 a.m. and requested production of

documents, including any agreements between Knightsbridge Advisors, or the Romines, and Elsea. See Subpoena at 1, 7-8.

On December 12, 2011, Elsea filed the Motion.  See Doc. 1.  Elsea asserts that, upon receipt of the first subpoena, she engaged counsel who initiated contact with counsel for the Romines and for the Kellys.  See Motion ¶ 4, at 3.  She represents that, from the outset, she has intended to comply with the Subpoena.  See Motion ¶ 5, at 3. , Elsea contends that her good faith compliance with the Subpoena cannot, as a matter of law, be construed as a breach of private contractual confidentiality or disclosure obligations.  See Motion ¶ 7, at 3.  To remove any doubt, however, she requested that J. Romines and Knightsbridge Advisors waive any claims or obligations under the confidentiality provisions of the Separation Agreement arising from her compliance with the Subpoena.  See Motion ¶ 7, at 3-4.  Elsea advised the parties that, if she did not receive a waiver, she would seek guidance from the Court.  See Motion ¶ 8, at 4.  Because Elsea never received a written waiver from the Romines, Elsea filed the Motion.  See Motion ¶ 10, at 4-5.  Elsea seeks "this Court's protection and guidance, under Fed. R. Civ. Pr. 45(c)(3) and Fed. R. Civ. Pr. 26(c), to establish reasonable safeguards for the disclosure of such confidential and proprietary information, and protect her against any liability arising from her good faith compliance with the Subpoena."  Motion ¶ 10, at 5.

On December 22, 2011, the Kellys filed C. Bradford Kelly and Elizabeth B. Kelly's Opposition to Judith Elsea's Motion to Quash Subpoena and for Protective Order.  See Doc. 6 ("Opposition").  The Kellys note that neither the Romines nor Knightsbridge Advisors filed any objections to the Subpoena.  See Opposition at 2.  The Kellys assert that they do not oppose the Motion inasmuch as it requests that the Court order that Elsea's good faith compliance with the Subpoena shall not subject her to liability for breach of contract, but oppose the Motion to the extent

that it seeks to quash the Subpoena.  See Opposition at 3.  The Kellys argue that Elsea's documents and testimony are relevant to the subject matter of the California litigation, because Elsea was a principal in Knightsbridge Advisors during the negotiation and signing of an agreement between the Romines and Kelly, and in the time immediately thereafter.  See Opposition at 5.  They assert that "Elsea potentially has knowledge of Romines' motivation to enter and breach" the agreement.  Opposition at 5.  The Kellys further assert that the Stipulated Protective Order entered in the California litigation eliminates confidentiality concerns, because it provides that any person may designate documents or testimony as confidential or highly confidential.  See Opposition at 6.  The Kellys argue that there is "no good faith basis for Knightsbridge to now refuse to consent to the production of the documents."  Opposition at 6.

On January 21, 2012, the Romines filed Defendants Romines' Joinder in Third Party Witness Judith Elsea's Motion to Quash Subpoena and for Protective Order Including Memorandum in Support.  See Doc. 9 ("Joinder").  The Romines inform the Court that "discovery has closed in the California Action" and argue that it would "be wholly inappropriate for the Kellys to circumvent the discovery deadlines in the underlying matter through enforcement of this subpoena."  Joinder at 1.  The Romines state that the Kellys have filed a motion "in the California Action, which the Romines have opposed, seeking to extend the court-ordered discovery deadline in order to take Elsea's deposition."  Joinder at 2.  The Romines assert that there is no good cause to extend the discovery cut-off.  See Joinder at 2.  They support "Elsea's Motion to Quash the Subpoena" and ask that the Court postpone ruling on Elsea's Motion to Quash until after the Central District of California issues a ruling on the motion to extend discovery deadlines.  Joinder at 2.

The Court held a hearing on January 24, 2012.  The Court stated that it would problematic for private parties to enter into confidentiality agreements that prevent discovery, because then

wrongdoers could essentially shield their behavior. See Federal Digital Tape Recorder at 1:31:26-31:36 (January 24, 2012)(Court)("FTR"). The Court further asserted that this area is one where the Federal Rules of Civil Procedure largely trump any private agreement between the parties. See FTR at 1:31:50-32:01 (Court). The Court stated that the case law suggests that it should order the material produced and cited: (i) Sparks v. Seltzer, No. 05-CV-1061, 2006 WL 2358157 (E.D.N.Y. Aug. 14, 2006); (ii) Harris v. Bd. of Governors of Fed. Reserve Sys., 938 F.2d 720 (7th Cir. 1991); (iii) Carrel v. Davis, Nos. 10-4124 RDR, 11-409-RDR, 2011 WL 3319746 (D. Kan. Aug. 1, 2011); (iv) Gen. Steel Domestic Sales, LLC v. Steelwise, LLC, No. 07-cv-01145, 2009 WL 185614 (D. Colo. Jan. 23, 2009)(Tafoya, J.); and (v) Conopco, Inc. v. Wein, No. 05Civ9899, 2007 WL 1040676 (S.D.N.Y. Apr. 4, 2007). See FTR at 1:32:02-38:57 (Court). The Court stated that it was inclined to think, and no one had argued otherwise, that the information sought was relevant and that the Court should deny the Motion. See FTR at 1:38:58-1:39:37 (Court).

Elsea asserted that her position in the dispute is akin to the country of Switzerland, because she is neutral and sought only guidance from the Court. See FTR at 1:40:00-1:40:11 (DeMuro). The Court then asked whether an order which denied the Motion and compelled compliance with the Subpoena would satisfy her. See FTR at 1:40:12-40:26 (Court). Elsea stated that such an order would address all of her concerns. See FTR at 1:40:26-40:29 (DeMuro). Elsea stated that she does not need anything else from the Court and asserted that an order, in line with the Court's statements at the hearing, was what she sought. See FTR at 1:40:55-41:19 (DeMuro). The Kellys also indicated that they were satisfied with the Court's proposed resolution. See FTR at 1:41:58-42:12 (Melendres). They noted that the Honorable Robert N. Block, United States Magistrate Judge for the Central District of California, has already entered a protective order in the Central District of California and asserted that the Court could order that the information sought in the Subpoena was

subject to that order. See FTR at 1:42:13-1:42:34 (Melendres). The Court agreed and stated that it would order that the information sought in the Subpoena was subject to the Stipulated Protective Order, but that the Judge Block or the Honorable Josephine Staton Tucker, United States District Judge, would determine how that information was used in the underlying lawsuit. See FTR at 1:42:34-1:42:46 (Court). The Kellys also noted that no objections to the Subpoena were filed in the California matter, despite the lengthy period in which the Kellys had sought this information, and asserted that making such information subject to the Stipulated Protective Order is appropriate. See FTR at 1:42:47-42:56 (Melendres).

The Kellys indicated that their motion to extend the discovery deadlines is currently pending before Judge Tucker. See FTR at 1:43:29-43:39 (Melendres). The Court then asked whether Judge Tucker had ruled on that motion. See FTR at 1:43:40-43:44 (Court). The Kellys responded that they will argue the motion on January 30, 2012, and asserted that their position is that the motion pending before the Court caused discovery to be delayed. See FTR at 1:43:45-44:11 (Melendres). They argued that, regardless of what Judge Tucker does, the Court needs to decide the Motion pending before it and that the possibility that she might decline to extend the discovery deadlines should not prevent the Court from issuing an opinion on this issue. See FTR at 1:43:58-44:11 (Melendres). The Court agreed that, although Judge Tucker might decide not to extend the discovery deadline, there is no reason for it not to rule on the issues surrounding the Subpoena. See FTR at 1:44:12-44:21 (Court). The Kellys agreed that the Court's proposal was appropriate. See FTR at 1:44:27-44:28 (Melendres).

The Romines stated that they entered an appearance on the Motion, because they have an interest in the outcome of the proceeding. See FTR at 1:45:22-45:23 (Ward). They asserted that they wanted to alert the Court about the currently pending motion to extend the discovery deadlines

in the Central District of California which is related to Elsea's deposition. See FTR at 1:44:12-45:12 (Ward).  The Court clarified that the motion before Judge Tucker relates to whether she should extend the deadlines for discovery to allow Elsea's deposition. See FTR at 1:45:13-45:21 (Court).  The Romines agreed that the motion was confined to discovery deadlines. See FTR at 1:45:24-45:23 (Ward).  The Court stated that Judge Tucker is not going to decide the issue before it, whether the Kellys can subpoena certain documents or elicit testimony related to Elsea's separation from Knightsbridge Advisors. See FTR at 1:45:24-33 (Court).  The Romines argued that the Court's summary was not completely correct, because the Kellys sought to reopen discovery specifically to ensure that they could take Elsea's deposition and to obtain the documents she has. See FTR at 1:45:34-45:50 (Ward).  They noted that the discovery period in the Central District of California underlying case closed on December 19, 2011 and that the parties were now beyond that date. See FTR at 1:46:07-46:35 (Ward).  The Court then asked whether it would be acceptable to issue an opinion ordering Elsea to comply with the Subpoena, but recognizing that all discovery must be taken in conformance with Judge Tucker's rulings on the discovery deadlines. See FTR at 1:46:36-46:56 (Court).  The Kellys and Elsea stated that the Court's proposal was acceptable. See FTR at 1:46:57-47:08 (Court, DeMuro, Melendres).  The Court reiterated that it would not extend the discovery deadlines set in the Central District of California, but, if the deadlines are extended, then the Court has determined that the Kellys may take Elsea's deposition. See FTR at 1:47:09-47:18 (Court).  The Romines also agreed that the Court's proposed order was acceptable, but, in the alternative, proposed that Court wait until Judge Tucker decides the motion before her. See FTR at 1:47:21-47:33 (Ward).  They argued that the Court should not abrogate the discovery deadlines established for the underlying California action. See FTR at 1:47:34-47:38 (Ward).

       The Court stated that it would deny the Motion, compel the production of documents, and

order that Elsea appear for a deposition, but indicated that it would make clear that its order was contingent on Judge Tucker extending the discovery deadlines. See FTR at 1:48:46-49:08 (Court).

On January 27, 2012, the Central District of California ruled on the motion to extend discovery deadlines. See Kelly v. Romines, Case No. SACV11-00233 JST (RNBx), Order Denying Plaintiff's Motion to Amend Scheduling Order (dated January 27, 2012), filed January 28, 2012 (Doc. 11)("Order Denying Deadline Extension"). The Order Denying Deadline Extension states that the Kellys failed to satisfy the good cause standard to justify amending the scheduling order. See Order Denying Deadline Extension at 3. The Kellys nonetheless asked the Court to issue the memorandum opinion and order, because they may move Judge Tucker to reconsider her ruling.

## ANALYSIS

The Court will deny the Motion and order that Elsea comply with the Subpoena, should the discovery deadlines in the underlying California action be extended. Private agreements should not insulate parties to a lawsuit from discovery requests. The Court notes that no party objected to the Subpoena, and, at the hearing, no party argued that the Kellys should not be able to discover the Separation Agreement or Elsea's testimony related to that agreement. Instead, the Romines focused exclusively on the expiration of the discovery deadline. See FTR at 1:46:07-46:35 (Ward). Furthermore, at the hearing, all the parties agreed with the Court's proposed opinion denying the Motion, compelling compliance with the Subpoena, and noting that the discovery deadlines issue was properly before Judge Tucker. See FTR at 1:44:27-44:28 (Melendres); id. at 1:46:57-47:08 (Court, DeMuro, Melendres); id. at 1:47:21-47:33 (Ward).

Several federal courts addressing this issue have held that private agreements should not limit discovery. In Sparks v. Seltzer, the United States District Court for the Eastern District of New York held that, when "balanced against the need for discovery in litigation, confidentiality

agreements cannot preclude otherwise permissible discovery." 2006 WL 2358157, at *4. The United District Court for the Southern District of New York, in Conopco, Inc. v. Wein, held that "the simple fact that the parties agree to the settlement agreement agreed to its confidentiality, 'does not shield it from discovery.'" 2007 WL 1040676, at *5 (citations omitted). The United States Court of Appeals for the Seventh Circuit has similarly held that the "rights of a party to obtain documents under judicial process are not enjoyed at the sufferance of third parties who have agreed between themselves to keep documents secret." Harris v. Bd. of Governors of Fed. Reserve Sys., 938 F.2d at 723. Two district courts from within the Tenth Circuit have also held that private confidentiality agreements cannot bar discovery. In Carrel v. Davis, the Honorable K. Gary Sebelius, United States Magistrate Judge for United States District Court for the District of Kansas, held that concerns "about sensitive or confidential information are best addressed in the form of a protective order" and denied a motion to quash a subpoena on the grounds that it sought information about a confidential settlement agreement. Carrel v. Davis, 2011 WL 3319746, at *3. In General Steel Domestic Sales, LLC v. Steelwise, LLC, the Honorable Kathleen M. Tafoya, United States Magistrate Judge, for the United States District Court for the District of Colorado, held that a confidentiality agreement, which had the primary purpose of making witnesses unavailable, went against public policy. See 2009 WL 185614, at *9.

When "balanced against the need for discovery in litigation, confidentiality agreements cannot preclude otherwise permissible discovery." Sparks v. Seltzer, 2006 WL 2358157, at *4. "The Federal Rules of Civil Procedure embrace a policy of encouraging broad discovery, and exhibit little patience for gamesmanship and attempts to withhold discoverable materials and information." Lane v. Page, No. 06-1071, 2011 WL 1004825, at *4 (D.N.M. Feb. 10, 2011)(Browning, J.). The "proper scope of discovery is 'any nonprivileged matter that is relevant to any party's claim or

defense,' and information is relevant 'if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.'" Clayton v. Vanguard Car Rental U.S.A., Inc., No. 09-0188, 2009 WL 5851087, at *3 (D.N.M. Dec. 15, 2009)(Browning, J.) (citations omitted).  No party has argued that the information which the Kellys seek in the Subpoena is irrelevant or improper.  See FTR at 1:38:58-1:39:37 (Court).  Additionally, no party has provided any reason, other than the expired discovery deadline, that the Court should not permit the production of the documents sought in the Subpoena or Elsea's deposition.  The Federal Rules of Civil Procedure's liberal discovery rules trump private party agreements seeking to limit available information.  The rules do not except confidential agreements from discovery, rather they provide that confidential information should be subject to a protective order.  See Fed. R. Civ. P. 26(c); Carrel v. Davis, 2011 WL 3319746, at *3.  Elsea appears to be the only party concerned about the confidentiality of the Separation Agreement, see Motion at ¶ 7, at 3, since the Defendants did not argue that the Court should quash the Subpoena to protect any confidential information.  There is, however, a Stipulated Protective Order in place in the Central District of California litigation which would help protect the secrecy of any confidential or proprietary information in the documents and testimony which the Subpoena covers.  See Stipulated Protective Order at 7.  The Stipulated Protective Order adequately protects any information which may be confidential.  With respect to the discovery deadline, that issue is properly before Judge Tucker and does not bear on whether the Subpoena appropriately sought confidential information.  As the Court which issued the Subpoena, the scope of the subpoena is properly before this Court, while the discovery deadline issue is properly before Judge Tucker, as the judge who set the rule 16 deadlines and who is charged with the efficient administration of the case.

      If the Court were to find otherwise, corporations and individuals could shield from discovery

their documents by giving them to a third party and entering into a confidentiality agreement; that scenario cannot be sound law.  Because parties should not be able to insulate themselves from discovery through private agreements, the Court finds that the Subpoena is appropriate and will not quash it.  Because there is a Stipulated Protective Order in place in the Central District of California litigation which adequately protects any confidential information, the Court will also deny the request for a protective order.  The Court will compel Elsea to comply with the Subpoena -- to appear for a deposition and produce documents -- subject to the Central District of California's discovery schedule and ruling on any motion to extend deadlines.  The Court's memorandum opinion and order does not alter the effect of those deadlines in the California action, and discovery remains subject to the deadlines that Judge Tucker has set.  The parties agreed that whether the discovery deadlines should be extended is a question properly before Judge Tucker and that the Court should not address it.  See FTR at 1:44:27-44:28 (Melendres); id. at 1:46:57-47:08 (Court, DeMuro, Melendres); id. at 1:47:21-47:33 (Ward).  Accordingly, the Court orders compliance with the Subpoena only insofar as Judge Tucker permits further discovery or extends the discovery deadlines.

**IT IS ORDERED** that the Motion to Quash Subpoena and for Protective Order, filed December 12, 2012 (Doc. 1), is denied.  The Court orders Judith Elsea to comply with the Subpoena to Testify, filed December 12, 2011 (Doc. 1-2), if the United States District Court for the Central District of California extends the discovery deadlines to permit the deposition and document production.  This discovery remains subject to the deadlines set by the Honorable Josephine Staton Tucker, United States District Judge for the Central District of California, and the Court's order does not extend the discovery deadlines.

/signed/
UNITED STATES DISTRICT JUDGE

*Counsel:*

Stephen S. Mayne
Adina L. Witzling
Christopher A. Rheinheimer
Christopher L. Wanger
Manatt, Phelps & Phillips, LLC
San Francisco, California

-- and --

Paul Melendres
Melendres, Melendres & Harrigan PC
Albuquerque, New Mexico

 *Attorneys for the Plaintiffs*

Aaron J. Velli
Cooley, LLP
Washington, District of Columbia

-- and --

John W. Boyd
Vincent J. Ward
Freedman, Boyd, Hollander, Goldberg, Ives & Duncan, P.A.
Albuquerque, New Mexico

 *Attorneys for the Defendants*

Paul DeMuro
Frederic Dowart, Lawyers
Tulsa, Oklahoma

-- and  --

Michelle Ostrye
Benjamin E. Thomas
Sutin, Thayer & Browne, P.C.
Albuquerque, New Mexico

 *Attorneys for Judith Elsea*